FILED
CLERK, U.S. DISTRICT COURT
1/17/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>SAMMY SIMS,<br><br>            Defendant. | CR No.   2:24-cr-00032-MEMF<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1344(2): Bank Fraud;<br>18 U.S.C. § 982: Criminal Forfeiture] |

The United States Attorney charges:

[18 U.S.C. § 1344(2)]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1.   Defendant SAMMY SIMS resided in Los Angeles County, within the Central District of California.

2.   Eastern International Bank ("Bank") was a financial institution insured by the Federal Deposit Insurance Corporation. The Bank was headquartered in Los Angeles County, within the Central District of California.

3.   The Bank employed defendant SIMS as its Chief Financial Officer. Defendant SIMS's responsibilities included administering the Bank's financial operations, including but not limited to:

pricing and financial analysis, profitability and performance analysis; budgeting for salaries; business expenses; regulatory and tax compliance; accounting; managing and implementing internal financial controls; and investments.  Defendant SIMS therefore had access to and control of the Bank's financial accounts and records, Bank employee records and personnel information, and a Bank credit card.

4. The Bank offered its employees life insurance policies and paid the premiums for those policies as an employee benefit.

5. M.A. was defendant SIMS's wife and a licensed broker of life insurance policies.

6. Defendant SIMS was prohibited from representing the Bank in any transaction in which he had any substantial financial interest or material connection, including the involvement of any family member.

B.   THE SCHEME TO DEFRAUD

7. Beginning on a date unknown, but no later than February 28, 2018, and continuing through at least April 2, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant SIMS, knowingly and with intent to defraud, devised and executed a scheme to obtain monies and other property owned by and in the custody and control of the Bank, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

8. The fraudulent scheme operated and was carried out, in substance, as follows:

a. Without the knowledge, consent, or approval of the Bank, and in violation of various Bank policies, defendant SIMS transferred and caused to be transferred Bank funds from an account

2

held by the Bank to pay for defendant SIMS's own personal expenses, including an investment in a music concert, his personal income taxes, and charges he incurred on his personal credit card.

        b.   Without the knowledge, consent, or approval of the Bank, and in violation of various Bank policies, defendant SIMS used a Bank credit card to pay for his personal expenses, including vacations in Las Vegas and steak dinners.

        c.   Without the knowledge, consent, or approval of the Bank, and in violation of various Bank policies, defendant SIMS purchased life insurance policies for Bank employees through M.A. and paid for the premiums on those life insurance policies by transferring and causing to be transferred Bank funds from a Bank account.

        d.   Defendant SIMS falsified and caused to be falsified the Bank's account records in order to conceal his unauthorized takings.  For instance, defendant SIMS falsely recorded a payment to a debt collection agency to be applied to defendant SIMS' personal debt as a payment for the Bank's data processing expenses; falsely recorded a payment to be applied to the balance on his personal credit card as a payment to a Bank security company; and falsely recorded a payment to a life insurance company as the Bank's federal income tax payment.

        e.   To further conceal his conduct, when confronted about defendant SIMS's unauthorized purchase of life insurance policies for Bank employees, defendant SIMS falsely claimed he did not know how the insurance companies had obtained personal information for Bank employees to set up life insurance accounts, and falsely claimed that they may have done so as a result of cybersecurity hacks.

9.     As a result of the scheme described above, defendant SIMS fraudulently obtained $737,849.65 from the Bank.

C.     EXECUTION OF THE FRAUDULENT SCHEME

10.    On or about April 26, 2019, within the Central District of California, and elsewhere, defendant SIMS transferred approximately $14,161.54 from the Bank's checking account to a debt collection agency to be applied to defendant SIMS's personal debt, which constituted an execution of the above-described scheme of defraud.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offense set forth in this single-count Information.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court;

//

(d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds
  Section

JASON C. PANG
Assistant United States Attorney
Major Frauds Section